UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JIMMY ARELLANO and
MARTHA ARELLANO,
    Debtors.                                                   No. 13-06-11966 SL

**MEMORANDUM OPINION**

     This matter is before the Court on briefs submitted by the parties in response to the Court's <u>sua sponte</u> question whether this case should be dismissed because it was filed before the Debtors' previous chapter 7 case was closed. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

**FACTS**

     On May 9, 2006 Debtors filed a joint voluntary Chapter 7 case in the District of New Mexico as case 7-06-10741-SL. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines ("341 notice") set the first meeting of creditors for June 20, 2006 and fixed deadlines for filing complaints objecting to discharge or dischargeability of debts as August 21, 2006. The schedules indicated that Debtors had approximately $128,000 of secured debt and approximately $33,000 of unsecured debt.

     The Debtors are individuals. No complaints objecting to discharge were filed. Debtors did not file a waiver of discharge under §727(a)(10). No motions to dismiss the case under §707 were filed. No motions for extension of time to file a complaint objecting to discharge were filed. No motions for extension of time to file a motion to dismiss the case under Rule 1017(e) were

filed.  The filing fee was paid in full with the petition.  On
November 20, 2006, the Clerk entered the Debtors' discharge (doc
34).  On August 22, 2006 creditor Bank One, National Association
obtained an Order Granting its Motion for Relief from Stay (doc
23) concerning the Debtors' home.  Following some further
skirmishing in the bankruptcy case, the Bank scheduled a
foreclosure sale of the home for November 1, 2006.

On October 25, 2006 Debtors filed this current Chapter 13
proceeding in the District of New Mexico as case 13-06-11966-SL.
The only debts listed on the schedules are the secured debts that
would remain after the Chapter 7.  On November 7, 2006, the Court
sua sponte set a status conference for November 20, 2006 on the
issue of the propriety of having two bankruptcy cases pending at
the same time, and at that hearing ordered the parties to brief
the issue.

**CONCLUSIONS OF LAW**

In Davis v. Mather (In re Davis), 239 B.R. 573, 575 n.2
(10th Cir. BAP 1999) the Tenth Circuit Bankruptcy Appellate Panel
stated:

> We note that the Debtor filed his Chapter 13 petition
> after he received his Chapter 7 discharge but before
> the Chapter 7 proceedings were closed.  A debtor who
> has been granted a discharge under one chapter under
> Title 11 may file a subsequent petition under another
> chapter even though the first case remains open, as
> long as the debtor meets the requirements for filing
> the second petition.  Grimes v. United States (In re
> Grimes), 117 B.R. 531, 536 (9th Cir. BAP 1990).

Case 06-11966-s13    Doc 42    Filed 02/16/07    Entered 02/16/07 16:01:55 Page 2 of 6

In this case the issue is whether debtors, who are entitled to entry of their discharge under chapter 7 may file a subsequent chapter 13 case even through the first case remains open and the debts not formally discharged.

Bankruptcy Code Section 727(a) provides that the Court shall grant the Debtor a discharge unless certain conditions are met. This statute is implemented by Bankruptcy Rule 4004, which states, in relevant part:

> (c) Grant of discharge
> (1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall <u>forthwith</u> grant the discharge unless:
> (A) the debtor is not an individual,
> (B) a complaint objecting to the discharge has been filed,
> (C) the debtor has filed a waiver under § 727(a)(10),
> (D) a motion to dismiss the case under § 707 is pending,
> (E) a motion to extend the time for filing a complaint objecting to the discharge is pending,
> (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e) is pending, or
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.
>
> (2) Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain.

(Emphasis added.)

Black's Law Dictionary (8th ed. 2004) defines "forthwith" as
Page -3-

"1. Immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances."

In chapter 7, a creditor must file its objection to discharge not later than 60 days following the first date set for the meeting of creditors. Bankruptcy Rule 4004(a). Under the facts of this case, on August 22, 2006 Debtors were entitled to their Chapter 7 discharge "forthwith." In re Nelkin, 150 B.R. 65, 67 (Bankr. D. Kan. 1993). See also In re Morgan, 290 B.R. 246, 248 (Bankr. D. Del. 2003)(If none of the exceptions met, the Court is "compelled" to enter discharge pursuant to Rule 4004(c).) And cf. Ross v. Mitchell (In re Dietz), 914 F.2d 161, 164 (9th Cir. 1990):

> By "deem[ing the discharge] to have been entered" on February 15, 1985, the court acted consistently with the spirit of the bankruptcy rules, which contemplate that discharge is effective immediately upon expiration of the 60-day period following the creditors' meeting, so long as no objections are filed. See Bankr. Rule 4004(c); B. Weintraub and A. Resnick, Bankruptcy Law Manual, ¶ 3.04[1] at 3-19 (rev. ed. 1986) (noting that in the absence of timely objections discharge is "automatic" and "a matter of course").

(Holding that creditor may seek revocation of discharge before its actual entry.)

The entry of discharge is an administrative matter under the control of the Clerk. Debtors have no control over the process. The Court finds that it would be unfair to punish the debtors in this case by dismissing the Chapter 13 case because the Clerk did not enter the Chapter 7 discharge "forthwith." The Court finds

that, in this case, the filing of the second petition was permissible.

Creditor Bank One argued that the per se rule of Freshman v. Atkins, 269 U.S. 121 (1925) should be applied and the second case should be dismissed. The case of In re Cowan, 235 B.R. 912, 915-18 (Bankr. W.D. Mo. 1999) contains an extensive discussion of the "Per Se Prohibition Against Simultaneous Petitions."

> Although the language in Atkins might support an across-the-board prohibition against simultaneous filings, the actual holding and circumstances of the case do not. We find a more accurate and succinct statement of Atkins' holding in Transamerica Credit Corporation v. Bullock (In re Bullock), 206 B.R. 389, 392-93 (Bankr. E.D. Va. 1997):
>> It bears repeating that the Court in Atkins dismissed neither the debtor's second petition nor his second application for a discharge. In fact, the Court affirmed the district court's decision to discharge all those debts listed in the second application which had been incurred after the debtor had filed his first voluntary petition. In this light, and in the context of the present Code, Atkins does not preclude a debtor from maintaining two cases at the same time. At most, Atkins could be interpreted as stating that two cases which seek to discharge the same debt cannot be pending simultaneously, a principle which this case does not violate.

Unlike in Atkins, the Debtors' two cases are not seeking to discharge the same debts; the Chapter 13 is dealing only with remaining secured claims.

Bank One also argues that the case should be dismissed because it was filed in bad faith. Bad faith will obviously be an issue at confirmation of this Chapter 13 Plan. See 11 U.S.C.

§ 1325(a)(3) (Requirement of finding of good faith.)  But, use of serial filings "is not, by itself, conclusive evidence of bad faith."  <u>Davis</u>, 239 B.R. at 578.

**<u>CONCLUSION</u>**

The Court finds that this Chapter 13 case should not be dismissed but should continue to confirmation.

                                      /s/ James S. Starzynski
                                      Honorable James S. Starzynski
                                      United States Bankruptcy Judge

copies to:

Gerald R Velarde
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027

Karen H Bradley
PO Box 3509
Albuquerque, NM 87190-3509

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

James C Jacobsen
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608